**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

REGINALD HENDERSON,        )
                                 )
             Plaintiff,      )        Case No. 2:25-MC-34
          v.               )
                                 )
KENNETH BOUDREAU, *et al.*,    )
                                 )
           Defendants.    )

**PETITION FOR RULE TO SHOW CAUSE AGAINST
<u>DEPONENT ANTOINE WARD</u>**

Defendants Steven Klaczynski and Virginia Bigane petition this Court to issue an order requiring third-party fact witness, Antoine Ward, to show cause why he should not be held in contempt of court for his failure to appear at his subpoenaed deposition, and state as follows:

1.      Plaintiff Reginald Henderson and his brother, Sean Tyler, each filed lawsuits in the U.S. District Court for the Northern District of Illinois alleging they were wrongfully convicted of the 1994 murder of a 10-year-old boy in Chicago. Henderson and Tyler both claim that misconduct by various Chicago police officers ("Defendant Officers") and the City of Chicago caused them to be wrongfully convicted. Henderson additionally claims misconduct by Defendants Klaczynski and Bigane, each of whom is a former Assistant State's Attorney in Cook County, Illinois, that evaluated the underlying police investigation for potential criminal charges ("ASA Defendants").

2.      The cases are consolidated for pre-trial proceedings before Judge Georgia N. Alexakis. *Henderson v. Boudreau, et al.*, No. 23-CV-4802 (N.D. Ill.); *Tyler*

*v. City of Chicago, et al.*, No. 23-CV-4803 (N.D. Ill.). The Court set an August 22, 2025, fact discovery deadline, and the parties are pursuing the necessary oral discovery in earnest, including the deposition of Plaintiffs' criminal co-defendant, Antoine Ward.

3.      Mr. Ward is a critical witness for all parties to the pending litigation, each of whom identified Ward in their Rule 26(a)(1) disclosures. He was Plaintiffs' co-defendant in the underlying criminal cases, and he was ultimately convicted of murder during a bench trial held contemporaneously with Plaintiff Henderson's 1996 jury trial. As part of Defendant Klaczynski's prosecutorial evaluation of the underlying police investigation for potential criminal charges, he memorialized Mr. Ward's statement implicating himself in the 10-year-old's murder and a gang planning meeting that preceded it. (Ex. 1, Ward Statement.)

4.      In their civil complaints, Plaintiffs allege wrongdoing by the Defendant Officers and ASA Defendants in their interactions with Mr. Ward. For example, Plaintiff Henderson now claims certain police officers planned to arrest and interrogate Mr. Ward, without any basis, to create probable cause to frame Plaintiffs for the murder. (Ex. 2, Henderson Am. Compl., ¶¶ 37-42.) Plaintiff Henderson also claims Defendant Klaczynski then knowingly memorialized a "coerced, false, and fabricated statement" from Mr. Ward implicating Plaintiffs in the murder. (*Id.* at ¶ 43.) Plaintiff Tyler separately makes similar allegations against the Defendant Officers. (Ex. 3, Tyler Am. Compl., ¶¶ 37-39.) The ASA Defendants unequivocally deny any allegation of wrongdoing.

5. Given Mr. Ward's familiarity with Plaintiffs, his involvement in the underlying murder, and the scope of Plaintiffs' allegations in the pending civil litigation, Mr. Ward is a critical witness for both sides. The ASA Defendants thus caused Mr. Ward to be personally served with a deposition subpoena in Racine, Wisconsin. (Ex. 4, Subpoena with Proof of Service.) The subpoena required Mr. Ward to appear for a deposition at 10 a.m. on June 19, 2025. (*Id.*) The subpoena also listed contact information for the ASA Defendants' counsel and included the required witness fee and mileage payment. (*Id.*) Mr. Ward did not tell the ASA Defendants' investigator, who personally served him, that the listed date or time would not work, or that he would not appear for his deposition. Nor did Mr. Ward contact the ASA Defendants' counsel thereafter to discuss his availability or rescheduling.

6. Because the ASA Defendants' initial subpoena only included a placeholder deposition location, undersigned counsel proactively contacted Mr. Ward by telephone to discuss specific deposition locations convenient for him. Counsel offered Mr. Ward a variety of options, including options in Wisconsin and Illinois. Mr. Ward picked a location near Racine, Wisconsin, at the Country Inn & Suites located at 13339 Hospitality Court in Sturtevant, Wisconsin. Mr. Ward thereafter met with the ASA Defendants' investigator and accepted personal service of a new subpoena listing the same date and time as the first subpoena, plus Ward's preferred location near Racine. (Ex. 5, Subpoena with Proof of Service.)

7. On the day of the deposition, the parties, a court reporter, and a videographer appeared at 10 a.m. for Mr. Ward's deposition. (Ex. 6, Dep. Tr.)

3

Counsel for certain parties, the court reporter, and the videographer were present in-person in Sturtevant, Wisconsin, at the location listed on the second deposition subpoena, but Mr. Ward did not appear. (*Id.*) The ASA Defendants' counsel made unsuccessful efforts to check the lobby and surrounding sidewalk at the deposition location.  The parties waited approximately 30 minutes and terminated the deposition.  (*Id.*)

8.      To date, Mr. Ward has not contacted the ASA Defendants' counsel to discuss his absence or to reschedule his deposition.

9.      Fed. R. Civ. P. 45(g) allows a court "for the district where compliance is required" to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Because Mr. Ward's subpoena required compliance near Sturtevant, Wisconsin, which is within the Eastern District of Wisconsin, the ASA Defendants respectfully request this Court issue an order requiring him to show cause why he should not be held in contempt for his failure to appear for his duly subpoenaed deposition.

10.      "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable diligent effort to comply."  *United States SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

11. The ASA Defendants have met each of the four elements. *First*, their subpoenas, which have the effect of a court order under Rule 45, set forth an unambiguous command for Mr. Ward to appear for his deposition at a certain location on a specific date and time. (Ex. 4; Ex. 5.) *Second*, the deposition transcript makes clear that Mr. Ward violated that command by failing to appear. (Ex. 6.) *Third*, Mr. Ward's violation was significant given his essential role in the pending civil litigation, the resources expended for five sets of counsel, a court reporter, and a videographer to appear for his scheduled deposition, and his failure to appear or contact counsel to reschedule. *Fourth*, Mr. Ward made no apparent effort to comply with the subpoena or explain his absence. The subpoena clearly listed contact information for counsel, and Mr. Ward never made any effort before his deposition to discuss his expected absence. Nor has Mr. Ward made any effort to contact counsel since his scheduled deposition. Thus, the ASA Defendants have satisfied each of the four required elements, and this Court should issue an order requiring Mr. Ward to show cause for his failure to appear.

12. Counsel will mail a copy of this motion via UPS to Mr. Ward.

WHEREFORE, Defendants Steven Klaczynski and Virginia Bigane respectfully request this Court issue an order requiring Antoine Ward to show cause for his failure to appear at his deposition, and for whatever other relief this Court deems just and proper.

Date: July 2, 2025

Respectfully submitted,

**STEVEN KLACZYNSKI and
VIRGINIA BIGANE**

By: */s/ Stephen D. Mehr*

*Counsel for Klaczynski and Bigane*

James M. Lydon
Michael C. Stephenson
Jonathan J. Morhaim
Stephen D. Mehr
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
(312) 704-3000
jlydon@hinshawlaw.com
mstephenson@hinshawlaw.com
jmorhaim@hinshawlaw.com
smehr@hinshawlaw.com

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 2, 2025, the foregoing document was filed with the Clerk of Court for the United States District Court for the Eastern District of Wisconsin via the CM/ECF system.

*/s/ Stephen D. Mehr*